{¶ 36} I concur with Judge Wise as to the disposition of the first assignment of error, but I disagree with the analysis used by Judge Wise. I concur with Judge Wise as to the analysis and disposition of Assignments of Error II and III.
 {¶ 37} Specifically, I disagree with the majority opinion's analysis in which the date of the accident is used to determine the "type" of coverage involved. I agree with Judge Hoffman's dissent that it is the date that the policy was issued which must be used to determine whether a given policy is pre- or post-H.B. 261. But, I ultimately conclude, as did Judge Wise, that the policy sub judice must be considered a post-H.B. 261 policy.
 {¶ 38} The CGL was initially entered into on September 20, 1996, or pre-H.B. 261. However, the CGL in effect on the date of the accident was a renewal policy, which became effective September 20, 1997, or post-H.B. 261.
 {¶ 39} Appellee contends that pursuant to R.C. 3937.31, the terms of the CGL could not be changed for two years since the CGL constituted an "automobile insurance policy," as defined by R.C. 3937.30. The Ohio Supreme Court has held that "every automobile liability insurance policy issued in this state, must have, at a minimum, a guaranteed two-year policy period during which the policy cannot be altered except by agreement of the parties." Wolfe v. Wolfe (2000), 88 Ohio St.3d 246, 250
(applying R.C. 3937.31). Pursuant to Wolfe, the statutory law in effect when a given two year period begins to run is to be applied throughout that two year period. Thus, if appellee were correct, the CGL would be a pre-H.B. 261 policy. However, I find that the CGL in this case was not an "automobile insurance policy" as defined by R.C. 3937.30, and therefore the guaranteed two year period during which the terms of a policy cannot be altered does not apply.
 {¶ 40} Revised Code 3937.30 provides as follows, in pertinent part:
 "As used in sections 3937.30 to 3937.39 of the Revised Code, "automobile insurance policy" means an insurance policy delivered or issued in this state or covering a motor vehicle required to be registered in this state which:
 "(A) Provides automobile bodily injury or property damage liability, or related coverage, or any combination thereof;
"(B) Insures as named insured, any of the following:
"(1) Any one person;
"(2) A husband and wife resident in the same household;
 "(3) Either a husband or a wife who reside in the same household if an endorsement on the policy excludes the other spouse from coverage under the policy and the spouse excluded signs the endorsement. Nothing in this division (B)(3) shall prevent the issuance of separate policies to each spouse or affect the compliance of the policy with Chapter 4509. of the Revised Code as to the named insured or any additional insured.
 "(C) Insures only private passenger motor vehicles or other four-wheeled motor vehicles which are classified or rated as private passenger vehicles and are not used as public or private livery, or rental conveyances;
"(D) Does not insure more than four motor vehicles;
 "(E) Does not cover garage, automobile sales agency, repair shop, service station, or public parking operation hazards;
 "(F) Is not issued under an assigned risk plan pursuant to section 4509.70 of the Revised Code."
 {¶ 41} One of the requirements in order for an insurance policy to qualify as an automobile insurance policy under section R.C. 3937.30(C) is that the policy only insure private motor vehicles or other four wheeled motor vehicles which are classified or rated as private passenger vehicles. The CGL provides coverage for hired and non-owned "autos." Under the CGL, the term "auto" means "a land motor vehicle, trailer or semi-trailer designed for travel on public roads but does not include `mobile equipment.'" Para. A of Section V — Definitions. "Trailer" is further defined to include semi-trailers. Id. At Para. L. Thus, pursuant to the definition of autos, the CGL provides coverage to more than private passenger vehicles. The inclusion of any land vehicle, including a semi-trailer, provides coverage for non-passenger vehicles. In accord, Smith v. Air-Ride, Inc., Franklin App. No. 02AP-719, 2003 Ohio 1519 (18-wheel commercial trucks do not fall within the ambit of private passenger vehicles or other four wheeled motor vehicles classified or rated as private passenger vehicles). Thus, the CGL is not an automobile insurance policy pursuant to R.C. 3937.30.
 {¶ 42} If the CGL was not an automobile insurance policy pursuant to R.C. 3937.30, the two year provision of R.C. 3937.31 does not apply. Thus, I would find that the renewal of the CGL constituted a new contract to which the statutory law in effect on the date of the renewal should be applied.
 {¶ 43} Because the policy went into effect on September 20, 1997, after the September 3, 1997 effective date of H.B. 261, the H.B. 261 version of R.C. 3937.18 is applicable. Judge Wise's opinion also finds that the H.B. 261 version of R.C. 3937.18 is applicable to the CGL, albeit for different reasons. I agree with Judge Wise's analysis and disposition upon application of the H.B. 261 version of R.C. 3937.18.
 {¶ 44} Therefore, as to Assignment of Error I, I concur in judgment only.
Julie A. Edwards, J.